# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KELLY TIGERT, | ) |
| Petitioner, | ) ) ) |
| v. | ) Case No. CIV 05-349-RAW-KEW |
| HASKELL HIGGINS, Warden, | ) ) ) |
| Respondent. | ) |

## REPORT AND RECOMMENDATION

This matter is before the Magistrate Judge on petitioner's petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241. Petitioner, an inmate currently incarcerated at James E. Hamilton Correctional Center in Hodgen, Oklahoma, is challenging his loss of earned credits in a prison disciplinary hearing that was held at Howard McLeod Correctional Center in Atoka, Oklahoma. He alleges he was punished for violating a rule that was not in effect at the time of the offense, and he had no prior notification of the "unwritten rule" before the misconduct was issued.

The record shows that on January 21, 2005, petitioner's legal materials were found in another inmate's locker, and on February 9, 2005, he was issued an Offense Report for Individual Disruptive Behavior. During the investigation petitioner received a photocopy or description of the evidence, but he did not provide any documentary evidence to the investigator or request to present witnesses. It was determined that assignment of a staff representative was not warranted. He was found guilty of the misconduct at his February 10, 2005, disciplinary hearing, and the warden reviewed and approved the decision on February 14, 2005. His appeal was denied by the Director's Designee on March 28, 2005.

The rule violation in effect at the time was Individual Disruptive Behavior, § 02-26, which prohibited "[t]he receiving, trading, selling, giving or loaning of property." *See* OP-060125, Attachment A [Docket #10-3]. Section 02-26 also prohibits "[a]iding or abetting in the commission of any rule violation." *Id*. The respondent alleges that inmates may assist other inmates with their legal work, but they have to do so within the DOC's rules. When inmates complete their work sessions, each inmate is supposed to retain his own legal materials.

Petitioner argues that after he and the other inmate finished working at the law library, the other inmate inadvertently picked up one page of petitioner's legal paperwork. He contends it was not actually a legal document, because it had "no seals, notories [sic], date stamps or, most importantly, no signatures." [Docket #11-2]. He also claims he should not be punished merely because his name was typed on a piece of paper found in the possession of another inmate. The misconduct, however, did not depend upon whether the document in the locker actually was a legal document. The issue was whether petitioner's property was in the other inmate's locker.

The Supreme Court has held that constitutional due process is satisfied in a prison disciplinary proceeding if an inmate is provided the following: at least 24 hours advance written notice of the claimed violation; unless good cause exists, an opportunity to call witnesses and to present documentary evidence in his defense; and a written statement by the factfinders giving the evidence upon which they relied and the reasons for the disciplinary action taken. *Wolff v. McDonnell*, 418 U.S. 539, 564-66 (1974). Further, procedural due process requires only that there be "some evidence" to support disciplinary sanctions within a correctional facility. *Superintendent v. Hill*, 472 U.S. 445, 455 (1985). A review of the

record indicates the requirements of *Wolff* were met in plaintiff's case. In addition, the court is satisfied there exists some evidence in the record to support the conclusion that resulted from the disciplinary hearing.

**ACCORDINGLY**, the Magistrate Judge recommends that this action be, in all respects, dismissed.

Pursuant to 28 U.S.C. § 636(b)(1)(C), the parties are given ten (10) days from being served with a copy of this Report and Recommendation to file with the Clerk of the Court any objections with supporting briefs. Failure to file timely written objections to the Magistrate Judge's recommendations may result in waiver of appellate review of factual and legal questions. *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

**DATED** this 4th day of January 2008.

_____
**KIMBERLY E. WEST**
**UNITED STATES MAGISTRATE JUDGE**